REQUESTED BY: Dear Senator Venditte:
You have requested that we review LB 605 for any constitutional problems. LB 605 is entitled `AN ACT relating to crimes and punishments; to provide the offenses of unlawful assembly and refusing to disperse; to limit liability; and to provide penalties.'
As the title suggests, three separate concepts are embodied within LB 605. The first relates to unlawful assembly. Clearly, constitutional implication exists in such a statute by virtue of the First Amendment to the Constitution of the United States which in part provides: `Congress shall make no law . . . abridging . . . the right of the people to peaceably assemble, and to petition the Government for a redress of grievances' and Article I, section 19, of the Constitution of the State of Nebraska which provides: `The right of the people peaceably to assemble to consult for the common good and to petition the government, or any department thereof, shall never be abridged.'
Section 1 of LB 605 provides that certain assemblies are unlawful. In subsection (a) it is provided that whenever a person, together with two or more persons, assembles with intent to do an unlawful act with force and violence against the person or property of another or against the peace or (b) after being lawfully assembled, shall agree with force and violence to act against the person or property of another or the peace shall be guilty of a Class III misdemeanor. Courts which have considered such questions have generally held statutes similar to that proposed under LB 605 relating to unlawful assemblies to be valid exercise of the constitutional police power of the state. LB 605, section 1, is essentially similar to the provisions of section28-804 under the criminal code of the State of Nebraska as it existed prior to the adoption of the new criminal code. An extensive annotation at 71 A.L.R.2d 875 sets out the authority of the state to regulate assemblies. It is our view that section 1 is constitutional as written.
Section 2 establishes the crime of refusing to disperse. There are three circumstances under which the crime might occur. First is where a proclamation is made commanding them to disperse by a judge, sheriff, peace officer or ministerial officer; second, a proclamation is attempted to be made or is prevented or absent a proclamation; and third, persons are lawfully assembled but commit an unlawful act. There is little or no question that the state may authorize appropriate officials to determine that a crowd has become a danger and authorize the appropriate official to order a dispersal in such circumstances. However, some standards must be established to guide that determination. In section 2 no such standards are established. It simply authorizes the making of a proclamation. A number of cases have struck down statutes where no standards existed. Such statutes have also failed where they were overly broad.
In the statute under consideration our prime concern is that there are no ascertainable standards which would guide the discretion of the official in determining that a proclamation to disperse should be made. Conceivably under the statute as it is written, if a police officer observed three individuals standing on a corner, he could make a proclamation that they should disperse. Clearly, such a proclamation would be of questionable constitutional validity. However, if there were standards to limit the discretion of an officer to circumstances where there was some reasonable threat of harm, such proclamation would be defensible. We do not intend to say that one may never order a group of individuals to disperse. We simply say that the statute must have some ascertainable standards which would guide the discretion of those making such an order.
Section 3 of LB 605 is legally meaningless. It states that an officer acting in a lawful manner is guiltless. Only by acting in an unlawful manner could an officer be guilty.